**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH LAKE, individually and as a representative of the class defined herein below,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>LEROY BACA; et al.,<br><br>　　　　　Defendants - Appellees. | No. 08-55796<br><br>D.C. No. 2:06-cv-08055-DDP-SH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 7, 2009
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and BEISTLINE,[**] Chief
District Judge.

　　Keith Lake appeals from three orders by the district court that resulted in the

entry of summary judgment for the defendants on his action filed pursuant to 42

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

U.S.C. § 1983 based on his over-detention and defendants' alleged attempt to coerce a settlement of his claim for over-detention. We affirm.

The district court found that Lake had not alleged that the named defendants had (1) any personal involvement in his over-detention, (2) any direct contact with him, or (3) actual knowledge of his incarceration. Nonetheless, Lake argues that even though the defendants had no personal involvement in his over-detention, they could still be individually liable if he shows a causal connection between their wrongful acts and the constitutional violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1990) (en banc). Here, the district court properly determined that Lake had not adequately alleged such a connection. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 ("In a § 1983 suit or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Moreover, even if there were some question at the time of the district court's order as to the degree of specificity required in the pleadings, the Supreme Court has now established that under Federal Rule of Civil Procedure 8, a complaint must plead a set of facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Lake's allegations against

defendants in their individual capacity fail to meet this standard. The district court properly dismissed Lake's claims against defendants in their individual capacities.

This conclusion is reinforced by our determination that for the reasons set forth in our opinions in *Mortimer v. Baca* , ___ F.3d ___ (February 5, 2010) and *Avalos v. Baca*, ___ F.3d ___ (February XX, 2010), Lake has failed to show that his over-detention was the result of any custom, policy or practice by the Los Angeles Sheriff's Department. Accordingly, the district court properly granted summary judgment for defendants on his claim for damages for his over-detention.

Similarly, we conclude for the reasons set forth in *Avalos*, (slip op. at 11-17) that there is no free-standing constitutional right to be free from an allegedly coerced settlement of a civil claim. Moreover, here it is not clear that Lake actually entered into a settlement, and to the extent that the waiver or settlement was designed to deny Lake access to the court, it obviously failed. Accordingly, the district court properly granted defendants judgment on the pleadings as to Lake's involuntary waiver claim.

Because the district court properly denied Lake relief on all of his substantive claims, it also properly denied him relief on his claims that the defendants conspired to deprive him of his constitutional rights. *See Cassettari v. Nevada County*, 824 F.2d 735, 739 (9th Cir. 1987) (noting that "[t]he insufficiency

3

of these allegations to support a section 1983 violation precludes a conspiracy claim predicated on the same allegations").

For the foregoing reasons, Lake's challenges to the district court's orders are rejected and the district court's grant of summary judgment in favor of defendants is **AFFIRMED**.